IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MERCEDES A.,[1]                          3:18-cv-00450-BR

          Plaintiff,                     OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.


**TIM D. WILBORN**
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV  89137
(702) 240-0184

          Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

─────────────────────

     [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**HEATHER L. GRIFFITH**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3709

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Mercedes A. seeks judicial review of the final decision of the Commissioner of the Social Security Administration in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter.

## ADMINISTRATIVE HISTORY

On April 10, 2014, Plaintiff protectively filed her application for DIB benefits.  Tr. 24, 175.[2]  Plaintiff alleges a

---

[2] Citations to the official transcript of record filed by the Commissioner on August 20, 2018, are referred to as "Tr."

disability onset date of November 1, 2013.  Tr. 24, 276.
Plaintiff's application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on April 12, 2016.  Tr. 24, 51-90.  Plaintiff and a
vocational expert (VE) testified at the hearing.  Plaintiff was
represented by an attorney at the hearing.

On September 14, 2016, the ALJ issued an opinion in which
he found Plaintiff was disabled and entitled to benefits for a
closed period from November 1, 2013, through June 8, 2015, but
the ALJ found Plaintiff was not disabled and not entitled to
benefits beginning on June 9, 2015, through the date of the
ALJ's decision.  Tr. 24-39.  Plaintiff requested review by the
Appeals Council.  On January 26, 2018, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On March 14, 2018, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## **BACKGROUND**

Plaintiff was born on December 13, 1976.  Tr. 176.
Plaintiff was 36 years old on her alleged disability onset date.

Tr. 187.  Plaintiff completed high school and has a master's degree.  Tr. 34, 62.  Plaintiff has past relevant work experience as a financial analyst and research analyst.  Tr. 34.

Plaintiff alleges disability due to Lyme disease, cognitive problems, chronic-fatigue syndrome, postural orthostatic tachycardia syndrome (POTS), memory problems, and allergies. Tr. 92.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 28-38.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the

Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R.

§ 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The
criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§ 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885
F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in

the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also*
*Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.*
*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony
of a VE or by reference to the Medical-Vocational Guidelines (or
the grids) set forth in the regulations at 20 C.F.R. part 404,
subpart P, appendix 2.  If the Commissioner meets this burden,
the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since November 1, 2013, Plaintiff's
alleged disability onset date.  Tr. 27.

At Step Two the ALJ found Plaintiff has the severe
impairments of chronic-fatigue syndrome, organic mental
disorder, and POTS.  Tr. 28.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 28, 35.  The ALJ found Plaintiff has the RFC to

perform sedentary work with the following limitations:  can
stand and walk for a combined total of two hours in an eight-
hour day; can occasionally climb ramps and stairs; should not
climb ladders, ropes, or scaffolds; can occasionally balance and
stoop; should not have exposure to hazards such as unprotected
heights and moving mechanical parts; is limited to simple,
routine, repetitive tasks with a general educational development
(GED) level of two or lower; and should have only brief and
superficial contact with the general public.  The ALJ concluded
Plaintiff would be absent from work for two or more days per
month.  Tr. 30.

At Step Four the ALJ concluded Plaintiff is unable to
perform her past relevant work.  Tr. 34, 38.

At Step Five the ALJ found there were not any jobs that
Plaintiff could perform during the closed period.  Tr. 34.
Accordingly, the ALJ found Plaintiff was disabled from
November 1, 2013, through June 8, 2015.  Tr. 35.  The ALJ,
however, found Plaintiff medically improved beginning June 9,
2015.  Tr. 36.  The ALJ reiterated his finding that Plaintiff
could perform sedentary work beginning June 9, 2015, with the
same limitations as previously indicated, but she would no
longer have to be absent for two or more days from work.

Tr. 36-37.  Although the ALJ found Plaintiff is still unable to perform her past relevant work, he found from June 9, 2015, Plaintiff could perform other jobs that exist in the national economy such as circuit-board worker, semi-conductor worker, and assembly worker.  Tr. 38-39.  Accordingly, the ALJ found Plaintiff's disability ended on June 9, 2015.  Tr. 39.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to provide clear and convincing reasons to reject the medical opinion of Martin Ross, M.D., an examining physician; (2) failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony; (3) failed to consider properly lay-witness testimony; (4) failed to assess Plaintiff's RFC properly by not including that Plaintiff was limited to one- or two-step tasks; and (5) failed to provide substantial evidence to support his finding at Step Five that Plaintiff could perform other work.

**I.   The ALJ properly evaluated the medical opinion of Dr. Ross, examining physician.**

Plaintiff contends the ALJ erred by failing to address the opinion of Martin Ross, M.D., an examining physician.

The Commissioner, however, contends Dr. Ross's statement is

not a medical opinion and is not substantially supported by the
record.

**A.    Standards**

"In disability benefits cases . . . physicians may
render medical, clinical opinions, or they may render opinions
on the ultimate issue of disability — the claimant's ability to
perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.
2014). "In conjunction with the relevant regulations, [courts]
have . . . developed standards that guide [the] analysis of an
ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc.
Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, the
court must "distinguish among the opinions of three types of
physicians:  (1) those who treat the claimant (treating
physicians); (2) those who examine but do not treat the claimant
(examining physicians); and (3) those who neither examine nor
treat the claimant (nonexamining physicians)." *Garrison*, 759
F.3d at 1012. "As a general rule, more weight should be given to
the opinion of a treating source than to the opinion of doctors
who do not treat the claimant." *Id.* Although the opinion of a
treating physician is entitled to greater weight than that of an
examining physician, the opinion of an examining physician is
entitled to greater weight than that of a nonexamining

physician.  *Ryan,* 528 F.3d at 1198.  "The weight afforded a
nonexamining physician's testimony depends 'on the degree to
which [he] provide[s] supporting explanations for [his]
opinions.'"  *Id.* (quoting 20 C.F.R. § 404.1527(d)(3)).

"If a treating or examining doctor's opinion is
contradicted by another doctor's opinion, an ALJ may only reject
it by providing specific and legitimate reasons that are
supported by substantial evidence."  *Id.*  Even when contradicted,
a treating or examining physician's opinion is still owed
deference and will often be "entitled to the greatest weight
. . . even if it does not meet the test for controlling weight."
*Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An ALJ can
satisfy the "substantial evidence" requirement by "setting out a
detailed and thorough summary of the facts and conflicting
clinical evidence, stating his interpretation thereof, and
making findings."  *Reddick,* 157 F.3d at 725.  "The ALJ must do
more than state conclusions.  He must set forth his own
interpretations and explain why they, rather than the doctors',
are correct."  *Id.* (citation omitted).

**B.   Analysis**

On April 6, 2016, Dr. Ross examined Plaintiff.
Tr. 617-19.  Dr. Ross stated:  "Due to [Plaintiff's] POTS [she]

is not able to work because [she] cannot drive [her]self and faint[s] often." Tr. 617. Dr. Ross diagnosed Plaintiff with Lyme disease and recommended various supplements as treatment. Tr. 619. The ALJ, however, noted "there are no follow up treatment notes or other records to confirm these alleged difficulties in 2016." Tr. 37. The ALJ also noted Ann Wolyn, M.D., one of Plaintiff's treating physicians, indicated previously in July 2015 that Plaintiff was "doing much better" after Plaintiff moved out of her home due to high levels of formaldehyde in the floors. Tr. 37, 605. Dr. Wolyn also stated Plaintiff did not have any neurological symptoms, her memory and fatigue were better, she was walking more, she was teaching Spanish, and she was "in a much better mood." *Id.*

The ALJ also relied on the opinion of Minh Vu, M.D., a reviewing physician. On June 6, 2016, Dr. Vu completed a Medical Interrogatory Physical Impairment report. Tr. 629-31. Dr. Vu indicated Plaintiff's Lyme disease and POTS were not severe impairments on the basis that there is not any documentation of frequent attacks of fainting requiring significant medical attention. Tr. 33, 629. Dr. Vu also noted there was not any objective evidence regarding limits in Plaintiff's cardio-vascular system, neuromuscular system, or

hematic system.  He also found the results of Plaintiff's

physical examinations were normal, and there was not any support

for Plaintiff's objective complaints.  Tr. 33, 631.  Dr. Vu

determined Plaintiff did not have any exertional limitations,

which contradicted Dr. Ross's opinion.

Although the opinion of an examining physician is

entitled to greater weight than that of a nonexamining

physician, the weight afforded a nonexamining physician's

testimony depends on the degree to which he provides supporting

explanations for his opinion.  *Ryan,* 528 F.3d at 1198.  The ALJ

may reject the examining physician's opinion by providing

specific and legitimate reasons that are supported by

substantial evidence in the record.  *Id.*

Plaintiff relies on *Gallant v. Heckler* to support her

contention that the opinion of a nonexamining, nontreating

physician is not substantial evidence when contradicted by other

evidence in the record.  753 F.2d 1450, 1454 (9th Cir. 1984).

The record in this case, however, indicates Dr. Ross is an

examining physician who only examined Plaintiff once.  The ALJ

also noted there are not any follow-up treatment notes or other

records that confirm Dr. Ross's opinion.  The ALJ ultimately

relied on the report of Dr. Wolyn, one

of Plaintiff's treating physicians, in addition to the opinion

of Dr. Vu, a reviewing physician, to conclude that Plaintiff is

not disabled.

Based on this record the Court concludes the ALJ did

not err when he rejected Dr. Ross's opinion because the ALJ

provided legally sufficient reasons supported by substantial

evidence in the record for doing so.

## II. The ALJ did not err when he found Plaintiff's testimony was not fully credible.

Plaintiff contends the ALJ erred when he failed to provide

clear and convincing reasons for discounting Plaintiff's symptom

testimony related to the period after June 9, 2015.

### A. Standards

The ALJ engages in a two-step analysis to determine

whether a claimant's testimony regarding subjective pain or

symptoms is credible. "First, the ALJ must determine whether the

claimant has presented objective medical evidence of an

underlying impairment 'which could reasonably be expected to

produce the pain or other symptoms alleged.'" *Garrison v.*

*Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter*

*v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant

is not required to show that his "impairment could reasonably be

expected to cause the severity of the symptom [he] has alleged;

[he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.*

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").  General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.   Analysis**

Plaintiff acknowledges the fact that the records show
her cognitive issues may have improved after the closed period,
but Plaintiff contends the record does not show her fatigue
improved, which is the primary reason she would be absent from
work for two or more days each month.  At the hearing Plaintiff
testified she attempted to teach 30-minute Spanish classes
online, but she often felt dizzy and had to cancel the classes.
Tr. 76.  She also testified she continued to experience fatigue
even after moving out of her house.  Tr. 74-75, 79.

The ALJ found Plaintiff's testimony was credible and
consistent with the evidence during the closed period of
disability between November 1, 2013, and June 8, 2015.
Tr. 30-31.  The ALJ, however, found Plaintiff's testimony
concerning the intensity, persistence, and limiting effects of
her symptoms was not entirely consistent with the medical
evidence and other evidence in the record after the closed
period ended.  Tr. 37.  For example, the ALJ noted the record
showed gradual improvement in Plaintiff's condition.  Plaintiff
stated in January 2015 that she was walking easier and that she
could be active for one day without having significant fatigue
the next day.  Tr. 36, 493.  In February 2015 Plaintiff stated
she was doing "fairly well" other than having sleep issues and

that she was leaving soon for a six-week trip to Spain.  Tr. 36,

489.  In June 2015 Plaintiff told her treating physician, Daniel

Newman, M.D., that she had sold her home due to high levels of

formaldehyde in the flooring, and she noticed her symptoms

tended to abate when she left her home for one or two months but

worsened when she returned.  Tr. 36, 486.  Also as noted, in

July 2015 Plaintiff told Dr. Wolyn she felt "much better."

Tr. 36, 605.

On this record the Court concludes the ALJ did not err

when he discounted Plaintiff's symptom testimony and found it

was not fully credible because the ALJ provided clear and

convincing reasons supported by substantial evidence in the

record for doing so.

## III. The ALJ gave germane reasons for discounting lay-witness testimony.

Plaintiff contends the ALJ erred when he failed to provide

germane reasons to discount the lay-witness statement of Richard

Atwood, Plaintiff's husband, regarding Plaintiff's limitations.

### A.   Standards

Lay-witness testimony regarding a claimant's symptoms

is competent evidence that the ALJ must consider unless he

"expressly determines to disregard such testimony and gives

reasons germane to each witness for doing so." *Lewis v. Apfel,*

236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for
rejecting lay-witness testimony must also be "specific."  *Stout
v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir.
2006).

Germane reasons for discrediting a witness's testimony
include inconsistency with the medical evidence and the fact
that the testimony "generally repeat[s]" the properly
discredited testimony of a claimant.  *Bayliss v. Barnhart*, 427
F.3d 1211, 1218 (9th Cir. 2005).  *See also Williams v. Astrue*,
493 F. App'x 866 (9th Cir. 2012).

**B.  Analysis**

On March 27, 2014, Plaintiff's husband, Richard
Atwood, completed a Third-Party Function Report.  Tr. 205-12.
Atwood stated Plaintiff was unable to work due to her lack of
energy, inability to focus, confusion, nausea, and memory loss.
Tr. 205.  Atwood also stated Plaintiff sleeps poorly at night,
she is not as social she used to be, and her ability to perform
various tasks was affected by her condition.  Tr. 206, 209-10.

The ALJ gave Atwood's statement "some weight" as to
the closed period on the ground that it was consistent with the
record.  Tr. 33-34.  The ALJ, however, gave Atwood's statement
only "limited weight" for the period beginning June 9, 2015, on

the grounds that the statement was given in 2014 and that Atwood did not consider Plaintiff's recent improvement when he made the statement. Tr. 38.

The Ninth Circuit has held "inconsistency with medical evidence" constitutes a "germane reason" for justifying an ALJ's rejection of lay testimony. *Bayliss*, 427 F.3d at 1218. As noted, this Court has concluded the ALJ did not err when he discounted Plaintiff's symptom testimony, which, among other things, was inconsistent with the medical evidence. The same is true for Atwood's statement. In addition, Atwood's statement was given in March 2014 over one year before the date the ALJ found Plaintiff's symptoms had medically improved as of June 2015.

On this record the Court concludes the ALJ provided germane reasons for discounting the lay-witness statement of Richard Atwood.

## IV. The ALJ erred in his assessment of Plaintiff's RFC limitations.

Plaintiff contends the ALJ failed to include in his assessment of Plaintiff's RFC that Plaintiff could perform only one- and two-step tasks.

### A. Standards

At Step Three if the ALJ determines the claimant's

impairments are not so severe as to preclude substantial gainful activity, the ALJ must assess the claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(a)(4)(iii).  *See also* *Keyser*, 648 F.3d at 724.  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.

**B.   Analysis**

On June 17, 2014, Joshua Boyd, M.D., a state-agency reviewing physician, stated Plaintiff has the ability "to understand, remember and perform simple one- and two-step tasks."  Tr. 100.

At Step Three the ALJ found Plaintiff has the RFC to perform sedentary work and, among other things, is limited to "simple, routine, repetitive tasks with a general educational development level of 2 or lower."  Tr. 36-37.  The ALJ expressly accepted Dr. Boyd's opinion and gave it "significant weight" on the ground that it is consistent with the treatment records following the closed period.  Tr. 38.

Plaintiff, however, asserts Dr. Boyd's opinion that Plaintiff is limited to one- and two-step tasks is consistent with a GED Reasoning Level of One rather than the GED Reasoning Level of Two found by the ALJ. Plaintiff, therefore, contends the ALJ failed to provide legally sufficient reasons for rejecting Dr. Boyd's limitation and not including it in Plaintiff's RFC.

The Commissioner, in turn, contends the ALJ gave sufficient reasons supported by substantial evidence in the record for finding Plaintiff could perform work requiring a GED Reasoning Level of Two and for not including Dr. Boyd's one- and two-step task limitation in Plaintiff's RFC.

A GED Reasoning Level of Two is defined as: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Dictionary of Occupational Titles* (DOT)(4th ed. 1991), App'x C, § III, 1991 WL 677702. A GED Reasoning Level of One, however, is defined as: "Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.*

In *Rounds v. Commissioner of Social Security* the Ninth Circuit stated an RFC allowing for one- or two-step tasks is not compatible with the demands of a GED Reasoning Level of Two. 807 F.3d 996, 1003 (9th Cir. 2015). The court held the ALJ in that case was required to resolve the apparent conflict between his assessed limitation in Plaintiff's RFC and jobs that required Level Two reasoning. 807 F.3d at 1004. A similar conflict exists in this case.

Here the ALJ accepted Dr. Boyd's opinion without qualification or further explanation. Dr. Boyd's opinion included a limitation for one- and two-step tasks. The ALJ, however, did not include that limitation, and in his evaluation of Plaintiff's RFC the ALJ assessed Plaintiff as being able to perform tasks with a GED Reasoning Level of Two or lower, which conflicts with Dr. Boyd's opinion.

Based on this record the Court concludes the ALJ erred by failing to provide legally sufficient reasons supported by substantial evidence in the record for not including Plaintiff's limitation to one- and two-step tasks as stated by Dr. Boyd and/or by failing to address the apparent conflict between the limitations stated by Dr. Boyd and the requirements of jobs involving Level Two reasoning.

**V.    The ALJ erred at Step Five when he failed to include all of Plaintiff's limitations in his hypothetical posed to the VE.**

Plaintiff contends the ALJ erred when he failed to include in his hypothetical to the VE all of Plaintiff's limitations alleged by Plaintiff, included in the statements of the lay witness, and set out in the opinions of Drs. Ross and Boyd.

**A.    Standards**

"An ALJ must propound a hypothetical question that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  "The hypothetical should be 'accurate, detailed, and supported by the medical record.'"  *Id.* (quoting *Tackett*, 180 F.3d at 1101).  It is, however, proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record.  *Id.*

**B.    Analysis**

At the hearing on April 12, 2016, the ALJ posed a hypothetical to the VE based on an individual with Plaintiff's age, education, work experience, and work-related functional limitations consistent with the ALJ's assessment of Plaintiff's

RFC, including sedentary work limited to simple, routing,
repetitive tasks with a GED Reasoning Level of Two.  Tr. 86-87.
The VE testified such a person could perform other occupations
that include circuit-board worker, semi-conductor worker, and
assembly worker.  Tr. 87.  The ALJ did not include the
limitation of one- or two-step tasks diagnosed by Dr. Boyd.

        As noted, the Court has found the ALJ erred by failing
to address the apparent conflict between the limitations in
Plaintiff's RFC and Dr. Boyd's opinion regarding one- or two-
step tasks and Reasoning Level Two.  Accordingly, the Court
concludes the ALJ erred at Step Five by also failing to include
this limitation in his hypothetical to the VE.


### REMAND

    The Court must determine whether to remand this matter for
further proceedings or to remand for the calculation of
benefits.

    The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *Id.* at 1179.  The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would

serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

As noted, the Court concludes the ALJ failed to provide legally sufficient reasons supported by substantial evidence in the record for not including the limitation of one- or two-step tasks as stated by Dr. Boyd and by failing to address the apparent conflict between that limitation expressed by Dr. Boyd and the requirements of jobs involving Level Two reasoning.

The Court, therefore, remands this matter to the ALJ for further administrative proceedings consistent with this Opinion.

**CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

IT IS SO ORDERED.

DATED this 3rd day of April, 2019.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge